UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 5: 23-037-DCR |
| V. | ) ) ) | |
| ANTHONY TRAYVON GARRETT, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Anthony Garrett has filed a *pro se* motion for compassionate release, contending that recent amendments to the United States Sentencing Guidelines entitle him to relief. [Record No. 73] The motion will be denied because the defendant has failed to identify extraordinary and compelling reasons for a sentence reduction. Further, the factors considered under 18 U.S.C. § 3553(a) do not support reducing Garrett's sentence.

Garrett pled guilty to possessing with the intent to distribute 50 grams or more of methamphetamine (Count 1), possessing with the intent to distribute fentanyl (Count 2), and possessing a firearm in furtherance of a drug trafficking crime (Count 3). [Record No. 50] He was sentenced on May 15, 2024, to the statutory mandatory minimum term of 180 months of incarceration for his conviction on Counts 1 and 2, together with a 60-month consecutive term of incarceration on Count 3. *Id.*

Garrett brings this motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement contained in § 1B1.13. [Record No. 73] He asserts that the inadequate care he has received for health issues while

incarcerated, his daughter's placement in foster care, his extensive rehabilitation efforts, and his overwhelming family support entitles him to relief under the statute.

As a general matter, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The Court, however, may reduce a sentence if it finds that "extraordinary and compelling reasons" warrant a reduction, the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and the 18 U.S.C. § 3553(a) factors (to the extent they apply) support a reduction. *United States v. Washington*, 122 F.4th 264, 266 (6th Cir. 2024) (quoting *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (quoting 18 U.S.C. § 3582(c)(1)(A))). But "'there is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed' for the violation of a statute." *Washington*, 122 F.4th at 267. (quoting *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). Likewise, a criminal defendant "'serving the duration of a lawfully imposed sentence'" is routine—"'not compelling.'" *Washington*, 122 F.4th at 267 (quoting *McCall*, 56 F.4th at 1056).

Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13 to identify what may constitute extraordinary and compelling reasons for a sentence reduction under the guidelines. Relevant to Garrett's claims is that the Court may consider his long-term medical needs, family circumstances, and rehabilitation when determining whether a sentence reduction is appropriate. U.S.S.G. Suppl. to App. C, amend. 814; U.S.S.G. § 1B1.13 (b)(1)(B)–(C), (b)(3)(A), (d) (U.S. Sent'g Comm'n 2023).

Garrett was injured in a vehicle accident on September 9, 2018. [*See* Record Nos. 73-3 and PSR at ¶ 39.] That event resulted in Garrett being charged with leaving the scene of an accident and failure to render aid or assistance and operating a motor vehicle under the

influence of drugs or alcohol. [PSR at ¶ 39] He underwent several procedures stemming from the injuries he sustained in that accident. [Record No. 73 at 4] Garrett insists that the level 2 care facility where he is currently residing refuses to provide adequate treatment, which exposes him to potential harm by other inmates. *Id.* at 6. He claims that, because this lack of proper medical treatment allegedly puts his condition at risk of deteriorating, a sentence reduction under U.S.S.G. § 1B1.13 (b)(1)(C) is appropriate. *Id.*

The defendant, however, fails to provide updated health status information regarding these seven-year-old injuries. Instead, he merely states that his injuries "could cause potential incapacitation when suffering from back spasms [which would] put him at serious risk in interactions with other inmates." *Id.* Further, Garrett does not provide a description of the care he believes he should be receiving and or explain how his current care places him at risk of his condition deteriorating.

Garrett next contends that he is entitled to compassionate release because his five-year-old daughter has been placed into foster care. Prior to sentencing, the child had been sexually abused by her mother's intimate partner. [*See* PSR at ¶¶ 54–55.] This resulted in criminal charges being filed against both the perpetrator and the child's mother who previously had custody. [Record No. 73 at 7] Initially, the daughter stayed with maternal relatives, but protective services later removed her and placed the child in foster care. *Id.* Because neither the child's mother, grandmother, nor Garrett's parents can provide proper care, Garrett insists he is her only suitable caregiver. *Id.*

Garrett assumes without support that child protective services would place his daughter in his care. And while it is customary for child protective services to contact biological parents regarding placement decisions, that does not mean it considers that the parent a suitable

caregiver. In fact, the disposition from the annual permanency review for the abuse case held on December 27, 2024, lists Garrett's numerous criminal offences including robbery, domestic violence assault, reckless driving offenses, and driving under the influence. [Record No. 73-4 at 2] Considering Garrett's past and recent criminal history, the undersigned has serious doubts that child protective services would place the child in his care, should he be released early. And it would be seriously misguided if it were to do so.

Garrett also makes a general reference to his rehabilitation but offers no specifics other than attaching his Summary Reentry Plan - Progress Report. [Record No. 75-3] It is difficult to imagine that significant rehabilitation has occurred considering that Garrett was sentenced less than a year ago. And finally, he contends that his "overwhelming family support" indicates that early release is appropriate. However, neither the short period of rehabilitation nor family support are "extraordinary" or "compelling" reasons for a sentence reduction in this case.

In addition to Garrett's failure to show extraordinary or compelling reasons for a reduced sentence, the section 3553(a) factors do not support Garrett's request. Regarding the seriousness of the offense and the need to protect the public, law enforcement recovered from Garrett two pounds of a mixture of methamphetamine, 28.75 grams of a mixture of fentanyl, and one ounce of a mixture of fentanyl. [PSR at ¶ 10] In addition to the firearm found in his vehicle, several more firearms (including two automatic assault rifles) and ammunition were located in his apartment. *Id.* at ¶ 9. Investigators also found digital scales, a suspected fentanyl press, a cutting agent, and a money counter. *Id.*

Trafficking in methamphetamine and fentanyl are serious offenses that destroy individuals, families, and communities. Adding firearms to the mix only increases the risk to

harm of anyone who might encounter such individuals.  And while not conclusive, it is also noteworthy that the warden denied Garrett's request for compassionate release due to the danger Garrett poses to the community.  [Record No. 73-2]

In summary, the sentence originally imposed is sufficient, but not greater than necessary, to serve the purposes of § 3553(a).  And simply put, a lesser sentence would be wholly inappropriate.  Accordingly, it is hereby

**ORDERED** that Garrett's motion [Record No. 73] is **DENIED**.

Dated: March 25, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky